Good morning. I am Mary Beth Canty, a student with the James E. Rogers College of Law Ninth Circuit Pro Bono Appellate Program under the advisement of Dr. Willie Jordan Curtis. With me at council's table are Josh Chetwin and Laura Boyle, also students. And Dr. Jordan Curtis is here, appropriately, as you need to have your advisor here. Well, we welcome you, and we always thank lawyers and law students for their pro bono work for this court. And I don't want to take too much of your time. So you understand that you'll have ten minutes all together? Yes, and we would like to reserve two minutes for rebuttal, actually. So how much time are you going to take? I am going to take four minutes. Okay. Go ahead and proceed. This court should remand this case to the BIA to have Mr. Granados-Oseguera's motion to reopen heard on its merits. Mr. Granados-Oseguera was granted voluntary departure by the immigration judge hearing the underlying case. When his appeal of the IJ's decision was dismissed by the BIA, he was again granted voluntary departure in order to leave by October 6th of 2002. His departure date, which gave him a mere 30 days to leave this country, drastically cut short his time into filing motion to reopen. 8 U.S.C. 1229A guarantees to all aliens the right to file a motion to reopen. The statute also guarantees that the motion shall be filed within 90 days. 8 U.S.C. 1229C, by limiting the voluntary departure period to 60 days, effectively cut short the motion to reopen period by an arbitrary 30 days. It is appellant's position... Excuse me just one second. We're getting a little feedback here. You're doing such a good job, you're repeating yourself. Well, everyone wants to hear it twice, right? Okay, go ahead. Thank you. It is appellant's position that this court should harmonize the two statutes... Hold on a second again. I won't use your time up while we're fixing things. Do we know what the problem is? Okay, go ahead again. It is appellant's position that this court should harmonize 8 U.S.C. 1229A and 8 U.S.C. 1229C so that all aliens are granted their 90 day period in which to file a motion to reopen period when an alien is granted voluntary departure. There's a violation of the alien's equal protection right. And while aliens do not have... Well, let me ask you a question about that. That you obviously have to... If I were to take the position that you have not demonstrated that a legislative classification that deprives an alien to reopen is wholly irrational, you can't prevail, right? You have to show that... Because they're classified differently. And did you consider Demartinus versus Ashcroft in your analysis? Yes, we did consider Demartinus. All right. Well, how do you distinguish that? Demartinus looks at voluntary departure as a whole to say that on the whole, voluntary departure puts certain aliens in a subclass against other aliens. The position that is being taken here is not that on the whole, voluntary departure creates a subclass, but as it relates to the motion to reopen, which is guaranteed to all aliens, regardless of whether they are granted voluntary departure or whether they are forcibly removed, that creates a subclass in that case. All right. Are you going to cover the ineffective assistance of counsel or is that one of your... That will be covered by... Go ahead. All right. Sorry, I'm trying to keep track of my time. Well, we've used up a little bit of your time, so take a couple more minutes and then wrap your comments up. Okay. As you can see, there is a subclass of aliens created with regard to the motion to reopen, and this is absolutely a violation of equal protection as regards these aliens. Thank you for your time. All right. Thank you for your argument. Good morning. Good morning. May it please the Court, Your Honors. My name is Josh Chetwin. I am also a student and co-counsel for the Petitioner. I'm before this Court today to ask that you remand this case to the BIA. The reason? The administrative record clearly indicates the Petitioner's attorney's ineffective assistance of counsel led to prejudicing the Petitioner's case. Well, let me just jump right to this one. This is one of the things that we do at Oral Argument, and I'm sure that your advisor told you that, that sometimes we just go right to the questions that we have, that we figure the time is our time to answer what we have. This wasn't raised in front of the BIA. No, it was not, Your Honor. All right. One of the fundamental rules of appellate practice is you can't bring up something for the first time on appeal. And on ineffective assistance of counsel, there are, in immigration cases, the LaSada case sets out what people have to do. Now, how do you get around that? Yes, Your Honor. I would speak to two separate issues. The first is the issue of bringing this up for a first time on appeal. And I would point to a case this Court has discussed, which is the Rodriguez-Larise decision. And that case, this Court said, and I quote, the BIA cannot expect Petitioner's fraudulent counsel to have filed an ineffective assistance of counsel claim implicating their own defective conduct. Okay. But the one thing about that case, and correct me if I'm wrong, they were excusing complying with LaSada, but they did raise it before they got to the appellate court. It didn't come up for the first time on appeal. And that's what's concerning me here. I understand, Your Honor. And this is a slightly different situation in that our client did not have an opportunity at the BIA to raise that. And this is the first opportunity that he's had new attorneys to look at this case. This Court has also looked at LaSada as not being a sacrosanct standard to look at in situations where there is ineffective assistance of counsel. Well, I understand that, but we don't have a record here in terms of we don't even really know if your client had a lawyer at that time. I mean, we don't really know any of those things. And there is a way that your client could go back on a habeas petition in front of the district court, then develop a record, and then we would be able to review it. But when you raise things for the first time on appeal, essentially the reason the rule exists is because it sandbags the other side. You know, there's no, you know, they wouldn't have any opportunity to respond or do any of that. Do you have any cases, I know the case that you cited allows for some excuse from LaSada, but they did raise it before. Do you have any cases that say that you can just, you know, do it the first time on appeal? We do not, Your Honor. But I would suggest that the record is clearer than you would suggest, that in fact, if you look at the body of information, that Petitioner's attorney remained the Petitioner's attorney throughout the whole period. So there are actually a few suggestions that would suggest that the administrative record shows that there was ineffective assistance of counsel. The first being is that it was clear that the counsel knew that if the 30 days was not filed within 30 days, there would effectively be no chance for Petitioner to have any say in his motion to reopen. He would be procedurally barred. Then if you look at the fact that at 90 days the Petitioner, excuse me, the attorney did then file a motion to reopen, in that motion it was clear that the attorney had no idea that she could not refile at 90 days. She thought that it was the statutory period as discussed by my counsel, the other counsel. So if you look at the whole corpus of information and the whole body of what was going on at that time, it seems clear that she was aware, the Petitioner's attorney was aware that she had to file within 30 days and that she did not do so and filed at 90 days. And remind me in terms of the time, who else was going to speak? My time is up. We have two minutes for rebuttal. Okay. No. Okay. Then if you want to take another minute or two, that's fine and then I'll allow you two minutes for rebuttal. I just wanted to quickly touch upon the prejudicial element of the fact that the motion was not filed timely in that because of the fact that it was filed at 90 days, the BIA made a decision on procedural grounds rather than on substantive grounds. And what we are asking is that the BIA be given another opportunity to look at this on substantive grounds. All right. Thank you for your argument. Good morning. May it please the Court. Arthur Rabin here for the Respondent, Attorney General. The Court should deny this petition for review because Petitioner has failed to demonstrate that he was denied equal protection or that he received ineffective assistance or this Court should even consider it as ineffective assistance if counsel claim. Well, do you want to address that in terms of obviously my greatest concern was that it wasn't raised in front of the BIA or this is coming up for the first time. But, you know, what is your response in terms of I think counsel for the appellant has argued that we can just look at it in this record and make a decision here. Well, I mean, two things. One, there is no law supporting that. Two, the law that says that you cannot look at that is statutory. And three, actually, the record is not clear in this case what happened. The motion to reopen wasn't filed because there was no basis for it. Counsel had nothing to file. I mean, he filed an application for labor certification which wasn't even approved, never mind whether it was even certified by the time he filed his motion. So there wasn't even anything to bring to the BIA's attention to file such a motion. So to say that counsel was ineffective and it was clear on the record, we wouldn't we couldn't say that. Does that answer your question? Well, so your point is that if the Court were even going to consider that, you would be disadvantaged in terms of developing the record as to what it was? Absolutely. In line with Ventura v. INS. I mean, there is no clear anything on the record here. And for the Court to rule on this issue without having given the Board an opportunity to address it based on the record and its interpretation of the law, we don't think that that's how it should be done. Counsel. Counsel. Yes, Your Honor. I would think that we would not rule on whether there was incompetence or not. At most, we would send it back to the BIA to make any consideration of that. I've looked at the record, and counsel, in my view, was incompetent from the word get-go. At the day of the hearing, she said that she had something else she had to do in And she was forced to proceed at that time in a very haphazard way. And then she didn't file this motion to reopen. And we don't know whether there was any merit in it or not. But it seems to me that when you have a situation where counsel will not raise his or her own incompetence, that somehow we have an obligation to allow the petitioner at least to have that heard by the BIA. Well, Your Honor, but there is no such exception under the statute. And also, you know, the exhaustion requirements are pretty clear. This alien could have gotten another attorney. I mean, it's not clear why this, even if maybe she did. We don't know that. There's no record to that. As to whether or not counsel was clearly incompetent, you know, Your Honor, it's hard to say based on this record. You know, the counsel did a fairly good job in trying to lay out an exceptional hardship case for cancellation and removal, and then, you know, to say that they were incompetent by not filing a motion to reopen timely, based on what, Your Honor? I'm not suggesting that we would decide whether there was incompetence or not. That's not what I'm suggesting. All I'm suggesting is that here is an alien who has had no real opportunity to present that to the BIA. Well, Your Honor, but we don't know why that alien didn't do that. And to say that, you know, this alien ---- Isn't habeas available for that process? I mean, I'm looking. There's a case, Dieringer v. Volkova. I think we're in a similar situation where then a habeas was filed in the district court and it was determined that they could decide, you know, develop that record. You know, Your Honor, I don't know. Post-Reel ID Act, it's hard to say because the court now has jurisdiction to review due process claims, such as ineffective assistance. So, you know, that doesn't get around the statutory bar to the exhaustion bar, but as far as whether or not it would be a habeas, I couldn't say clearly. If I could just touch on the equal protection claim in this case. The alien here has not argued, and this Court hasn't considered, that there is no liberty interest in the relief that he was seeking. We have briefed this issue, and basically the law is clear that the relief he was seeking was adjustment of status, which is a discretionary form of relief. And in this circuit, this Court has held that there is no liberty interest for substantive due process claims to receive that kind of protection. And to say that this is some kind of liberty interest was implicated here, that just hasn't been done. And also, even assuming there is some kind of liberty interest, this Court has already issued the DeMartinis case where it has held that under almost exactly the same circumstances where the alien has filed an untimely motion to reopen post the ending of the voluntary departure period, and has held that there is no equal protection violation there based on, you know, the available – well, based on how the Court saw the conceivable basis for distinguishing the reasons that Congress may have given, which was that it was less costly, that there was a judicial economy, and it was more humane. And obviously, the reason why we have a voluntary departure as a discretionary form of relief is because it gives – it's basically a win-win for both the Petitioner and the government. The government gets to remove the alien quickly at no expense to the government, and it cuts down on further litigation. The alien gets the benefit of knowing when he leaves and how he leaves. And also, the alien gets to avoid the bar for discretionary relief that would follow if the alien risked removal later on. So it seems that to say that this is a wholly irrational distinction, that isn't the case. Subject to this Court's questions, I don't have anything further. There don't appear to be additional questions. Thank you for your argument. Good morning. Good morning. I'm Laura Boyle. You have two minutes for your rebuttal. Thank you. In regard to the ineffective assistance of counsel claim, Petitioner was in a very precarious situation, as recognized by this Court in Itubaria, which said that one reason that aliens retain legal assistance in the first place is because they assume an attorney will know how to comply with the procedural details that make immigration proceedings so complicated. Up until 90 days, I mean 60 days, after he was supposed to leave this country, Petitioner was relying upon his counsel's understanding of the law. And so he was put in a situation where he couldn't have filed for, he couldn't expect his attorney to file for an ineffective assistance of counsel claim. And so now is the appropriate time for him to be raising this claim. And again, we're not asking this Court to decide whether or not there was an effective assistance of counsel, but rather to remand this case to the BIA so that Petitioner has a chance to present that claim. Also, addressing your second point, there will be no less of a win-win situation for the government if Petitioner is guaranteed his full 90 days. There is an additional cost associated with extending his, allowing him to file his motion to reopen. 60 extra days doesn't create more opportunities for him to. But then how do we, if you think that your client is deserving, then what do rules mean if everyone, you know, gets extra time? But the rules guarantee that he had those full 90 days. The rules say everyone has the 90 days to file a motion to reopen, and he wasn't given that opportunity. So in effect. Did he voluntarily depart when he was supposed to? He didn't agree to voluntary departure. But at the same time, the rules don't distinguish. They say everyone has an opportunity to file a motion to reopen within 90 days. It doesn't distinguish between people granted voluntary departure or people who are forcibly removed. And we're not saying that voluntary departure is somehow not beneficial. We agree this is a beneficial program. However, under the statute, he was still entitled to 90 days. All right. Thank you for your argument. Thank you. All right. This matter will now stand submitted. Hector Alonso Jimenez-Balesteros v. Alberto Gonzalez, case number 0470443.
judges: B. Fletcher, Tashima, Callahan